# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10282
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 19, 2014
Lyle W. Cayce
Clerk

In the Matter of: HARRY P. GOAZ,

                      Debtor.

---

HARRY P. GOAZ,

                      Appellant,

v.

ROLEX WATCH U.S.A., INC,

                      Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1053

Before WIENER, OWEN, and HAYNES, Circuit Judges.
PER CURIAM:*

Harry P. Goaz, acting *pro se*, appeals the district court's affirmance of the bankruptcy court's ruling that Goaz's debt to Rolex Watch U.S.A. (Rolex)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10282

was nondischargeable in bankruptcy. Because we conclude that Goaz's points of error are meritless, we affirm.

I

After a lengthy investigation, Rolex filed suit against Goaz in federal court, alleging counterfeiting, trademark infringement, and false designation of origin. Rolex alleged that Goaz sold, offered to sell, distributed, promoted and advertised watches bearing counterfeits and infringements of its registered trademarks. Before the district court could rule on Rolex's summary judgment motion, Goaz filed a petition for bankruptcy, in which he listed Rolex as an unsecured creditor. As a result of the petition, the district court abated Rolex's original lawsuit, pending the outcome of the bankruptcy proceedings.

In the bankruptcy court, Rolex filed an adversary proceeding against Goaz. It alleged that 11 U.S.C. § 523(a)(6) precluded Goaz from discharging the debt he owed Rolex in bankruptcy proceedings because the debt was for "willful and malicious injury" inflicted by Goaz.[1] Finding, *inter alia*, that Goaz intentionally sold and offered for sale Rolex watches with full knowledge that the watches bore Rolex trademarks and that there was an objective certainty that these activities would harm Rolex and its registered marks, the bankruptcy court granted Rolex's motion for summary judgment. The district court affirmed. Goaz now appeals to this court, raising various points of error.

II

"In bankruptcy appeals, 'we perform the identical task as the district court, reviewing the bankruptcy court's findings of fact under the clearly

---

[1] *See* 11 U.S.C. § 523(a)(6) ("A discharge under . . . this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or the property of another entity[.]").

2

erroneous standard and its conclusions of law *de novo*."[2] We review the bankruptcy court's grant of summary judgment to determine whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

## III

Goaz first makes various arguments regarding Rolex's counsel. He contends that Rolex's pleadings in the adversary proceeding were deficient because they did not list local counsel. He further argues that summary judgment was inappropriate because Rolex did not establish that it had local counsel and because Rolex's attorney committed perjury by stating that the company had local counsel.

These arguments are meritless. Rolex designated Dean M. Fuller as local counsel. Rolex listed Fuller as local counsel on numerous pleadings, including its complaint, its response to Goaz's motion to dismiss, its joint status report, its motion for summary judgment, and its response to Goaz's motion to set aside the judgment. Goaz argues that these listings were insufficient because Fuller was not named on the summons and some other documents. However, he does not point to any local rules that require local counsel to be listed on every document submitted to the court or to the opposing party. The local rules for the Bankruptcy Court for the Northern District of Texas instead state:

> **Duties of Local Counsel.** Local Counsel must be authorized to present and argue a party's position at any hearing called by the Presiding Judge on short notice. Local Counsel must also be able

---

[2] *Fire Eagle, L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013) (quoting *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S. Inc. (In re U.S. Abatement Corp.)*, 79 F.3d 393, 397 (5th Cir. 1996)).

[3] FED. R. CIV. P. 56(a).

No. 13-10282

to perform, on behalf of the party represented, any other duty required by the Presiding Judge or the Local Bankruptcy Rules.[4]

Goaz fails to point to any evidence showing that Fuller was not able to meet these requirements. Lastly, even if any of Goaz's assertions had support in the record, there is no indication that a lack of local counsel worked any prejudice upon Goaz.[5] Accordingly, Goaz's first three points of error are unavailing.

IV

Goaz's next points of error concern the evidence Rolex submitted in support of its motion for summary judgment. Goaz contends that the "statements, affidavits, and evidence" that Rolex submitted were "inaccurate" because they contain inconsistencies and Goaz does not recognize some of the watches that the documents allege he sold. He further asserts that other evidence against him was obtained illegally. These contentions are also unavailing.

Goaz does not explain how the alleged inconsistency or his inability to recognize the watches establishes that any of the elements required to prove that his debt is nondischargeable in bankruptcy are missing in this case.[6] Moreover, the evidence Rolex submitted establishes quite clearly that Goaz knowingly sold counterfeit Rolex watches. Goaz even acknowledged in court documents that he sold "somewhere between 125 and 150 fake Rolex's during a six month period between October 2009 and March 2010." Goaz does not

---

[4] N.D. TX L.B.R. 2090-4(b).

[5] *See United States v. Rios-Espinoza*, 591 F.3d 758, 760 (5th Cir. 2009); *Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) (per curiam); *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 175 (5th Cir. 1990).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

4

point to anything in the record that challenges or disputes this evidence.[7] Accordingly, there is no basis to conclude that the bankruptcy court erred in granting summary judgment on the basis of "inaccurate" evidence.

Nor is there any basis to conclude that the bankruptcy judge erroneously relied on illegally obtained evidence. Goaz asserts that the evidence against him was unlawfully obtained because a search warrant used as the basis to enter his home was post-dated, he was not given *Miranda* warnings, and he was coerced into providing documents. He does not, however, point to any evidence in the record before the bankruptcy court to support these assertions. The only evidence regarding illegally obtained evidence is Goaz's own affidavit, in which he alleges that the Dallas County District Attorney's Office violated his constitutional rights during a controlled buy and that Rolex's attorney coerced him into admitting he sold counterfeit watches in his answer by promising an out-of-court settlement. Goaz did not, however, submit this affidavit until after both the bankruptcy court and the district court had issued their orders. More importantly, there is ample, uncontroverted evidence in the record unrelated to the controlled buy and the answer that establishes that Goaz knowingly sold counterfeit watches, including numerous affidavits from other individuals and Goaz's own admission to that fact in multiple court pleadings. Accordingly, Goaz's points of error regarding the evidence fail.

## V

Lastly, Goaz asserts that the district court erred by applying the "condensed approach" to the "willful and malicious injury" aspect of 11 U.S.C.

---

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("When the moving party has carried its burden under [Federal Rule of Evidence 56], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.") (emphasis in original) (internal quotation marks and citations omitted).

§ 523(a)(6). He claims that the bankruptcy court failed to analyze "willful" and "malicious" as separate and distinct requirements of the statute. Our precedent forecloses this argument. Under our case law, "[t]he test for willful and malicious injury under Section 523(a)(6) . . . is condensed into a single inquiry of whether there exists either an objective substantial certainty of harm or a subjective motive to cause harm on the part of the debtor."[8] To the extent that Goaz asserts that the evidence Rolex put forward did not establish that there was an objective substantial certainty that selling counterfeit Rolex watches would cause harm to Rolex, that contention is meritless. As the district court concluded, "[k]nowingly selling merchandise bearing counterfeit trademarks necessarily causes injury to the trademark owners." Goaz, as discussed above, knew that he was selling more than one hundred counterfeit Rolex watches; there was thus an objective substantial certainty of harm. Accordingly, his last point of error fails.

\* \* \*

For the foregoing reasons, the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of Rolex is AFFIRMED.

---

[8] *Williams v. Int'l Bhd. of Elec. Workers Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003) (internal quotation marks and citations omitted).